The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
This is in response to your request for an opinion regarding Act 1225 of 1991, which is entitled "An act to protect consumers and to safeguard the public health by requiring retail pet stores to offer appropriate guarantees and to provide management of animals and facilities consistent with these purposes. . . ." You set forth the following set of facts:
 Owner maintains an `enterprise' which has a facility outside the city where Owner boards, grooms and breeds cats and dogs. The same Owner, as a part of that `enterprise' sells only those cats and dogs which are bred and born at that facility at a retail outlet maintained inside the city, owned and operated as a part of the same `enterprise.'
You have asked the following question with regard to the above facts:
 Is the retail outlet of the described `enterprise' a pet shop subject to registration and regulation under the Act, or is it a part of the kennel and cattery specifically exempted under the Act?
A review of Act 1225 indicates that the answer to your question will in all likelihood turn on whether the retail outlet in fact constitutes a "kennel" or "cattery," and thus falls within an exception to the act's coverage. The act regulates "retail pet stores," and that term is defined in part under Section 3 (k) as:
 any room or group of rooms, run, cage, compartment, exhibition pen, or tether, any part of which is within the State of Arkansas, wherein any animal is sold or kept, displayed, or offered for sale, to the public. It excludes kennels and catteries which sell animals directly to the consumer.
It appears, under the stated facts in this instance, that the retail outlet would fall under the above definition of "retail pet store," and thus within the act's requirements, unless it can be successfully contended that the outlet is actually a kennel or cattery which sells animals directly to the consumer. The term "kennel" is defined under Section 3(h) of the act as:
 an enterprise wherein or whereon the business of grooming or boarding dogs, or breeding dogs for sale, and selling such dogs, is carried on, and which does not in its usual course of business acquire dogs for resale to the public.
A similar definition of "cattery" is found under Section 3(c).
Your question is not easily resolved following a review of these definitions. One might contend that the retail outlet is part of the kennel or cattery enterprise, sufficient to remove it from the act's coverage, based upon the phrase "an enterprise wherein or wherein" under the above definitions. The argument would be premised upon the assertion that the location of the place of sale is not determinative, so long as there is in fact one "enterprise."
We cannot predict with certainty the outcome of such an argument. The State Board of Health is granted authority under Section 6 of Act 1225 to develop "additional rules, regulations, and standards as may be necessary to carry out the intent of this act." Because legislative intent as to this issue is in my opinion, unclear under the act, this may be an appropriate matter for determination through the development of rules and regulations.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb